## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

**CRIMINAL COMPLAINT**

**UNITED STATES OF AMERICA**

**v.**

**CASE NO.  5:07-mj-00045 TAG**

*JARED JAMES DOOLEY, and*
*KENDRA CHRISTINE SNOW*

**(If search warrant is issued regarding this complaint, indicate above the case number assigned.)**

I, <u>Marty Willis</u>, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Since <u>November 8, 2007</u> in <u>Kern</u>  County(ies), in the **Eastern** District of **California, and elsewhere,**

> The defendant(s) did willfully interfere, or attempt to
> or conspire to interfere, with or disable, with
> reckless disregard for the safety of human life, anyone
> engaged in the authorized operation of any aircraft, as
> defined under Title 49, United States Code, Section
> 46501(2), or any civil aircraft used, operated, or
> employed in interstate commerce,

in violation of Title <u>18</u>, United States Code, Section(s) <u>32(a)(5) and (a)(8)</u>, with a maximum penalty of <u>20 years</u>  imprisonment, <u>and/or a fine of up to $250,000</u> dollars, and $100 penalty assessment.

I further state that I am a(n) <u>Special Deputy U.S. Marshal</u> and that this complaint is based on the following facts:

**See Attached Affidavit.**

Continued on the attached sheet and made a part hereof:  <u>X</u>  Yes  ___ No

*Signature of Complainant*
**Marty R. Willis**

Sworn to before me and subscribed in my presence,

<u>December  13, 2007</u>
*(Date)*

at

<u>Bakersfield, California</u>
*(City and State)*

**Theresa A. Goldner**
*U.S. Magistrate Judge*

*(Signature of Judicial Officer)*

**AFFIDAVIT**

I, Marty Willis, being duly sworn, do hereby depose and state:

1. I am a deputy sheriff from the Kern County Sheriff's Department and have been so for approximately 23 years. I am currently assigned to the Federal Bureau of Investigation's (FBI) Joint Terrorism Task Force (JTTF), Bakersfield Residence Agency at Bakersfield, California and have been so assigned for the past three and one half years. As part of my tenure with the FBI's JTTF, I have been deputized a Special Deputy U.S. Marshal pursuant to Title 28, Federal Code of Regulations, Sections 0.112 and 0.19A, and am charged with the duty of investigating violations of the laws of the United States as stated in Title 28, Federal Code of Regulations. My responsibilities as a Special U.S. Deputy Marshal include investigating crimes of domestic terrorism to include offenses involving crimes against transportation systems and interference with flight crews.

I have investigated crimes involving laser devices on two separate occasions. On or about September 1996, while assigned to the Kern County Sheriff's Department Gang Suppression Unit, I was involved in an investigation of a juvenile pointing a handheld laser at citizens and Kern County Deputies attending and working at the Kern County Fair. The laser was confiscated and the Juvenile was arrested for violating Penal Code section 417.26(a), Laser Scope or Pointer: Aim at Peace Officer.

On or about April 11, 2005, I assisted FBI Special Agent Sean Kaul in a Federal investigation involving a handheld laser device that had been pointed at a Medi-Vac helicopter on approach to land at the Delano Regional Hospital. A Federal Search Warrant was sought, approved and served. The suspect was identified as a juvenile and no Federal prosecution was sought.

I have educated myself by reading articles posted on the Internet and a Congressional Research Article dated January 26, 2005, related to laser devices and the effects laser devices can have if exposed to the eyes. I have used handheld laser pointing devices and laser levels used in construction work. I have also noted that these devices almost always have warning labels attached to the device or include instructions to avoid exposing lasers to eyes as the laser could

1

1    cause serious injury to the eye.

2        This Affidavit is based upon my own personal knowledge of the events set forth herein, as
3    well as information provided to me by other law enforcement personnel.  The purpose of this
4    affidavit is made to support a complaint charging that JARED James DOOLEY and KENDRA
5    Christine SNOW participated together in violations of Title 18, United States Code, Sections
6    32(a)(5) and 32(a)(8).

7        Section 32(a)(5) of Title 18 of the United States Code, prohibits, in pertinent part, an
8    individual from willfully interfering with or disabling,  with reckless disregard for the safety of
9    human life, anyone engaged in the authorized operation of any aircraft in the Special Aircraft
10   Jurisdiction of the United States or any civil aircraft used, operated, or employed in interstate,
11   overseas or foreign air commerce.    Section 32(a)(8) of Title 18 prohibits an individual from
12   attempting or conspiring to do anything prohibited under paragraphs (1) through (8).

13       2.  This affidavit is made to support a complaint charging JARED JAMES DOOLEY and
14   KENDRA CHRISTINE SNOW with negligently interfering with the intent to endanger the safety
15   of a flight crew aboard a Kern County Sheriff's helicopter with reckless disregard for the safety of
16   human life, during an in flight operation, and after targeting the helicopter with a green laser
17   device on November 8, 2007, in Kern County, California, in the Eastern District of California, in
18   the United States, and in violation of Title 18 United States Code, Sections 32 (a)(5) and 32(a)(8).

19       3.  I learned the following from investigation, the service of a Federal Search warrant at
20   4209 La Mirada Dr., Bakersfield, California, from interviews of contacts, potential witnesses
21   and/or suspects, and my review of law enforcement reports prepared in this case, and from
22   discussion of this case with assisting agents.

23       4.  On November 8, 2007, at approximately 10:55 p.m., a Kern County Sheriff's
24   Department helicopter was flying at 500 feet above ground level during routine patrol in
25   Bakersfield, California.  The aircraft with a crew of two was heading north/northeast from the area
26   of the Market Place Shopping Center in Bakersfield, going to the area of the Freeway 99 and
27   Freeway 58 interchange.  Deputy Kevin Austin, a Tactical Flight Observer (hereinafter Deputy
28   Austin), saw a green laser "hunting" (tracking) toward the aircraft's location and brought his

                                        2

1 | sighting to the attention of Deputy Pilot Doug Ely (hereinafter Deputy Ely). Deputy Ely made a
2 | turn to the west and the green laser targeted the interior of the helicopter cockpit. Deputies Ely
3 | and Austin flew toward the laser point of origin and the laser was turned off, but not before
4 | Deputies Ely and Austin were able to identify a residence of origin. Deputy Ely described the
5 | residence as a single story residence with an attached garage with two exterior lights on either side
6 | of the garage that were on. Deputy Ely also observed the garage door was open and the interior
7 | light was on. Deputy Ely was not able to see anyone inside or outside of the garage. A white
8 | pickup was observed parked in the drive way and a red Jeep was parked in front of the residence at
9 | the curb. Deputy Austin requested the Bakersfield Police respond to the location. Before the
10 | Bakersfield Police arrived, the garage door was closed. Neither Deputy Ely or Deputy Austin saw
11 | anyone leave the residence. Deputy Austin directed the Bakersfield Police to the location. The
12 | Bakersfield Police officer went to the front door of the residence, erroneously identified by the
13 | responding officer as 4209 Mira Loma Drive, and no one came to the door to make contact. The
14 | officer left a short time later and did not provide Deputy Ely or Deputy Austin with any other
15 | information. Deputy Ely reported the laser incident to the Bakersfield Meadows Field Control
16 | Tower as required and completed a Laser Incident Report.

17 | On the morning of November 9, 2007, I received a copy of the Laser Incident Report
18 | completed by Deputy Ely. I learned through a preliminary investigation that 4209 Mira Loma
19 | Drive does not exist and checked the area. I located a red Jeep parked at the curb in front of 4209
20 | La Mirada Drive, Bakersfield, California. The garage was noted as having two exterior decorative
21 | lights on either side of the garage door. No other vehicles or subjects were seen. I noted a North
22 | Carolina license plate affixed to the Jeep as being NVC1960 and later determined to be registered
23 | to Jeffrey Ray Dooley, 4209 La Mirada Drive, Bakersfield, California. It is believed the address
24 | discrepancy was due to the Bakersfield Police Officer who responded to the incident not being
25 | aware that Mira Loma Drive has three digit addresses and runs north and south between Chester
26 | Lane and Marella Way, and that La Mirada Drive is also a north south roadway that runs south
27 | from the intersection of Marella Way to Montclair Street. The residences on La Mirada Drive
28 | have four digit addresses. Mira Loma Drive and La Mirada Drive at first glance appear to be one

3

1 | and the same roadway, but are two separate roadways.

2 |      I contacted Deputy Ely by telephone and explained the original location identified as 4209
3 | Mira Loma Drive does not exist and I had possibly located the correct location. I requested that
4 | Deputy Ely meet me in the area of Centennial Park, so that Deputy Ely could view the residence
5 | located at 4209 La Mirada Drive. I met with Deputy Ely and drove to the 4209 La Mirada Drive
6 | residence. Deputy Ely positively identified the residence as being the same location that he and
7 | Deputy Austin had identified from the air. Deputy Ely told me that the green laser was the
8 | strongest laser he had ever had to deal with and complained of a pain and discomfort to his eyes
9 | that lasted for a couple of hours. I later requested Deputy Austin complete a spot check
10 | surveillance of 4209 La Mirada Drive to determine if the residence was the one and same
11 | residence in question. Deputy Austin told me that he checked the residence at 4209 La Mirada
12 | Drive and identified the residence as the same residence. Deputy Austin also told me that he
13 | believed the laser point of origin was at a location behind the white pickup, parked in the drive
14 | way. When asked why he came to that conclusion, Deputy Austin said he put his visor down and
15 | the point of origin looked like it was from that area.

16 |      Investigation conducted at Bakersfield, California determined the laser originated from a
17 | single family residence located at 4209 La Mirada Drive, Bakersfield, California.

18 |      On November 13, 2007, at approximately 6:45 a.m., I completed a spot check surveillance
19 | of the residence. A silver 2007 Toyota sedan with California license number 6BLB824 was
20 | observed parked in the garage of the residence. The Toyota sedan was registered to Janice K.
21 | Gunderson, 4209 La Mirada Dr., Bakersfield, California.

22 |      On November 14, 2007, at approximately 5:35 p.m., I completed a spot check surveillance
23 | of 4209 La Mirada Dr. and observed a white Toyota pickup parked in the driveway. At
24 | approximately 7:00 p.m. on the same day, FBI Special Agent (SA) Mark Abe completed a spot
25 | check surveillance at 4209 La Mirada Dr. and observed a white 2003 Toyota pickup with
26 | California license plate number 7B14461. The pickup was still parked in the driveway. The
27 | pickup is registered to JARED J. DOOLEY, 4209 La Mirada Dr., Bakersfield, California.

28 |      On November 14, 2007, at about 7:15 a.m., I observed a Golden State Fence Company

truck loaded with fencing materials, parked in front of 4209 La Mirada Dr. I also observed the unknown driver and passenger leaved the residence and identified the passenger as JARED JAMES DOOLEY, DOB: 5/5/1908, based upon my having previously reviewed DOOLEY's California driver's license (B67321162) information and photograph.

I completed a case work-up and learned that DOOLEY resided at 4209 La Mirada Drive with his mother, Janice Kelly Gunderson, a.k.a.: Janice Dooley, a.k.a.: Janice Rogers. A Federal Search Warrant was sought, approved and issued on November 21, 2007, by U.S. Magistrate Theresa A. Goldner, authorizing the search of the residence at 4209 La Mirada Drive, Bakersfield, California, and included the search of the following vehicles identified as a white 2003 Toyota, Cal. lic. 7B14461, silver 2007 Toyota California license 6BLB824, and red Jeep Cherokee, North Carolina lic. NVC1960.

The search warrant was executed on November 27, 2007. A red laser device and laser tips were located at the residence. A green laser device was also located inside of DOOLEY's Toyota pickup, California license 7B14461, in the center console cup holder, while the vehicle was parked at the Golden State Fence Company.

JARED DOOLEY was located in Visalia, California, at a Golden State Fence Company work site, and agreed to accompany agents back to Bakersfield. During an interview of DOOLEY, DOOLEY admitted using the green laser located inside his Toyota pickup with his girlfriend, later identified as KENDRA SNOW, at 4209 La Mirada Drive on November 8, 2007. DOOLEY told agents he did not point the laser at the Kern County Sheriff's helicopter but identified KENDRA SNOW as targeting the laser device at the helicopter. DOOLEY also admitted to residing at 4209 La Mirada Dr. and would sometimes stay with SNOW at SNOW's apartment on Johnson Road, Bakersfield, California. DOOLEY admitted staying the night with SNOW on the morning of the search warrant service and further admitted taking the green laser device from SNOW's apartment on the same morning, and without SNOW's knowledge and placing the laser in the cup holder of his Toyota pickup. DOOLEY admitted to purchasing the laser with SNOW from the Radio Shack store on Ming Avenue, Bakersfield, California about two months ago.

Janice Gunderson, DOB: 1/10/1961, was interviewed at her residence during the service of

5

the search warrant. Gunderson denied knowledge of any laser device or knowledge of her son, DOOLEY, or SNOW having used a laser device involving a helicopter on the night of November 8, 2007. Further investigation revealed that Gunderson was told of the incident by SNOW approximately two to three days later, based on statements by SNOW. Gunderson provided information to agents that SNOW did reside at the 4209 La Mirada drive address until SNOW moved out sometime prior to the incident between the middle of September and October 2007.

KENDRA CHRISTINE SNOW, DOB: 5/21/1982, was located and interviewed at her apartment on November 27, 2007. SNOW told investigating agents that she was aware of the search warrant having been served at the residence on La Mirada and the investigation of the laser and helicopter. SNOW admitted being with JARED DOOLEY, on November 8, 2007. SNOW told investigating agents that she and DOOLEY were standing in the driveway and were "taking turns shining the laser around watching the tracers in the sky". SNOW admitted giving the laser device to DOOLEY just prior to the helicopter, "b-lining" toward the residence. SNOW told investigating agents that she and DOOLEY ran into the residence. SNOW closed the garage door and threw the laser between the wall and the refrigerator and continued to DOOLEY's bedroom where they stayed. SNOW also admitted she and DOOLEY watched the Bakersfield Police officer arrive at the residence through a surveillance camera mounted to the front of the garage. SNOW also admitted to removing the laser a few days later from between the wall and refrigerator, where the laser, "It floated around from the house to my purse, to the pickup, wherever". SNOW also told Agents that Gunderson was present at the residence on November 8, 2007, and was asleep in her bedroom. SNOW admitted she told Gunderson about what happened with the laser and the helicopter a couple of days later, after the incident had taken place.

Follow-up investigation was completed at the Radio Shack store on Ming Avenue, Bakersfield, California. I was able to confirm the green laser device located in DOOLEY's pickup is identical to laser devices sold at the Radio Shack location on Ming Avenue for approximately fifty dollars. A danger warning label is printed on the device and is also printed on the operating instruction guide.

5. Based upon the forgoing, I believe that there is probable cause to believe that JARED

6

JAMES DOOLEY, and KENDRA CHRISTINE SNOW did willfully interfere, or attempt to or conspire to interfere, with or disable, with reckless disregard for the safety of human life, anyone engaged in the authorized operation of an aircraft in the Special Aircraft Jurisdiction of the United States, defined at Title 49, United States Code, Section 46501(2) , as any aircraft in flight in the United States, or any civil aircraft used, operated, or employed in interstate commerce, in violation of Title 18, United States Code, Sections 32(a)(5) and 32(a)(8).

/

/

Marty R. Willis
Special U.S. Deputy Marshal,
Federal Bureau of Investigation

SWORN TO BEFORE ME, AND SUBSCRIBED
IN MY PRESENCE THIS ___3th___ DAY OF
December, 2007.

Theresa A. Goldner
U.S. Magistrate Judge

7