McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
Assistant U.S. Attorney
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:08-cr-0008 LJO |
| ) | |
| Plaintiff, ) | MEMORANDUM OF |
| ) | PLEA AGREEMENT PURSUANT TO RULE |
| ) | 11(c)(1)(B) OF THE |
| v.   ) | FEDERAL RULES OF |
| ) | CRIMINAL PROCEDURE |
| JARED JAMES DOOLEY, ) | |
| ) | Date: July 18, 2008 |
| Defendant. ) | Time: 9:00 a.m. |
| ) | Place: Courtroom Four |
| | Honorable Lawrence J. O'Neill |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States, by and through McGREGOR W. SCOTT, United States Attorney for the Eastern District of California, and KAREN A. ESCOBAR, Assistant United States Attorney, and the defendant, JARED JAMES DOOLEY, and his attorney, DAVID TORRES, have agreed as follows:

1. Charges.

The defendant acknowledges that he has been charged in a two-count Indictment as follows:

Count One: Conspiracy to Interfere with Safe Operation

1

of Aircraft, in violation of 18 U.S.C. §§ 32(a)(5) and (a)(8).

<u>Count Two</u>: Attempt to Interfere with Safe Operation of Aircraft, and Aiding and Abetting, in violation of 18 U.S.C. §§ 32(a)(5) and (a)(8), 18 U.S.C. § 2.

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crimes with which he has been charged, together with the possible defenses and has discussed them with his attorney.

3. <u>Agreements by the Defendant</u>.

(a) The defendant agrees that this plea agreement shall be filed with the Court and become a part of the record of this case.

(b) The defendant agrees to enter a plea of guilty to the essential elements of Count Two of the Indictment, which charges him with Attempt to Interfere with Safe Operation of Aircraft, and Aiding and Abetting, in violation of 18 U.S.C. §§ 32(a)(5) and (a)(8) and 18 U.S.C. § 2.

(c) The defendant stipulates and agrees that the facts set forth in the Factual Basis in paragraph 6 herein are accurate.

(d) The defendant acknowledges that, should the Court fail to follow any or all of the Government's or defendant's sentencing recommendations, the defendant will not be allowed to withdraw his plea.

(e) The defendant agrees to pay a special assessment of $100.00.

1  (f)  The defendant understands that the law gives him a
2  right to appeal his conviction and sentence.  The defendant waives
3  any right to appeal his conviction and sentence and any right he
4  may have to bring any other post-conviction attack on his
5  conviction and sentence.  He specifically agrees not to file a
6  motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction
7  and sentence.
8  (g)  The defendant agrees to waive all rights under the
9  "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to
10 recover attorneys' fees or other litigation expenses in connection
11 with the investigation and prosecution of all charges in the
12 above-captioned matter and of any related allegations (including
13 without limitation any charges to be dismissed pursuant to this
14 Agreement and any charges previously dismissed).
15 (h)  The defendant agrees that if he fails in any way to
16 fulfill completely all of the obligations under this plea
17 agreement, the defendant will assert no claim under the United
18 States Constitution, any statute, Rule 410 of the Federal Rules of
19 Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure,
20 or any other federal rule, that defendant's statements pursuant to
21 this agreement, or any leads derived therefrom, should be
22 suppressed or are inadmissible.
23 (i) The defendant reserves the right to argue for a
24 reasonable sentence below the applicable advisory guideline range
25 pursuant to Booker v. United States.
26 4.  Agreements by the Government.
27 (a)  In exchange for the defendant's guilty plea to Count Two
28 of the Indictment, the government agrees to move to dismiss Count


One, as to this defendant, at the time of sentencing.

(b) The government agrees to recommend a three-level reduction in the computation of the defendant's offense level, provided that he makes a full and clear demonstration of acceptance of responsibility under U.S.S.G. § 3E1.1.

(c) The government agrees to recommend a sentence at the bottom of the applicable advisory Guideline range derived from a base offense level of 18.

5. <u>Elements of the Offense</u>.

(a) In order to establish an attempt to interfere with the safe operation of an aircraft, in violation of 18 U.S.C. §§ 32(a)(5) and (a)(8), the government must prove each of the following elements beyond a reasonable doubt.

(i) The defendant intended to interfere with a person engaged in the authorized operation of an aircraft in the special aircraft jurisdiction of the United States, as defined under Title 49, United States Code, Section 46501(2), or any civil aircraft used, operated, or employed in interstate commerce, namely, one Kern County Sheriff's Department helicopter;

(ii) The defendant did something that was a substantial step toward committing the crime.

6. <u>Factual Basis</u>.

The defendant will plead guilty to Count Two of the Indictment, because he is in fact guilty of the essential elements of the crime set forth in Count Two of the Indictment. The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> On November 8, 2007, in Kern County, within the State and Eastern District of California, at about 10:55 p.m., the defendant knowingly and intentionally attempted to interfere with the safe operation of a civil aircraft used, operated, or employed in interstate commerce, by pointing a green laser beam at the cockpit of a Kern County Sheriff's Department helicopter, which was flying at approximately 500 feet above ground level during routine patrol in Bakersfield, California. When the light hit the cockpit, it disoriented the Kern County Sheriff's pilot, causing pain and discomfort in his eyes for a couple of hours.

7.  <u>Potential Sentence</u>.

The defendant understands that, in determining his sentence, the Court is required to take into consideration the Federal Sentencing Guidelines adopted by the United States Sentencing Commission. Further, he understands that the Court may give him any reasonable sentence above or below the applicable Guidelines range depending on aggravating or mitigating circumstances in his case. The following is the maximum potential sentence which the defendant faces for his conviction as to Count Two:

 (a) Imprisonment.

  Maximum: Twenty (20) Years.

 (b) Fine.

  Maximum: Two Hundred Fifty Thousand ($250,000.00) Dollars.

 (c) Fine and/or Imprisonment.

 (d) Supervised Release.

  Maximum: Three (3) Years.

  (Should the defendant violate the conditions of supervised release, he could be subject to a term of imprisonment up to the term of supervised

release imposed or two years, whichever is less.)

(e) Penalty Assessment.

Mandatory: One Hundred Dollars ($100.00).

8. <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) At trial, he would have the right to be assisted by an attorney, who would be appointed if necessary.

(c) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(d) If the trial were held before a judge without a

jury, the judge would find the facts and determine, after hearing all the evidence, whether he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(f)  At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

(g) The defendant understands that by pleading guilty he is waiving all of the rights set forth above and the defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

9.   Questions by Court.

The defendant understands that, if the Court questions him under oath on the record and in the presence of counsel about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

10.   Entire Agreement.

The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreement reached,

7

other than those set forth in this Agreement, to induce the defendant to plead guilty.

11. <u>Court Not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 7.

12. <u>Presentence Report</u>.

The defendant understands that the United States Probation Office is not a party to this agreement and will make an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the court as its own sentencing recommendation. In addition, the Government will fully appraise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty.

DATED: 7/14/08

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By /s/ Karen Escobar
KAREN A. ESCOBAR
Assistant U.S. Attorney

DATED: 7/14/08

/s/ Jared Dooley
JARED JAMES DOOLEY
Defendant

DATED: 14 JUN 08

/s/ David Torres
DAVID TORRES
Attorney for the Defendant

8