**LAW OFFICE OF DAVID A. TORRES**
Attorney at Law (State Bar Nº. 135059)
1318 "K" Street
Bakersfield, CA 93301
Tel.: (661) 326-0857
Fax: (661) 326-0936
E-mail: lawtorres@aol.com

Attorney for Defendant
JARED JAMES DOOLEY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          PLAINTIFF,<br><br>vs.<br><br>JARED JAMES DOOLEY,<br><br>          DEFENDANT. | Case Nº. 1:08 CR 0008 LJO<br><br>**DEFENDANT'S SENTENCING MEMORANDUM; CHALLENGES AND OBJECTIONS TO PSI** |

TO: THE CLERK OF THE EASTERN DISTRICT COURT, THE HONORABLE LAWRENCE J. O'NEIL, DISTRICT JUDGE, KAREN A. ESCOBAR, ASSISTANT UNITED STATES ATTORNEY, AND LAURIE E. MCANULTY, UNITED STATES PROBATION OFFICER:

**CERTIFICATION:** This Sentencing Memorandum was timely filed.

**EXHIBITS:** None

     JARED JAMES DOOLEY, by and through his counsel, DAVID A. TORRES, hereby submits this sentencing memorandum for the court's consideration. Defendant reserves the right to supplement this memorandum with additional evidence or argument at the sentencing hearing before this Court.  The following facts are presented in support of a downward departure resulting in the imposition of a split sentence under United States Sentencing Guideline section 5B1.1, namely, an order of time served for the ten months he has already spent in custody at the time of this hearing since his arrest on December 14, 2007, and for an order for JARED DOOLEY to enroll in a one year inpatient program.  If the court is not inclined to the above sentence then, for a sentence of one year and one day with credit for time served.  It is the Defense's belief that the

split sentence is the most appropriate sentence, with the one year and one day sentence being the next most appropriate sentence, both being viable alternatives to the recommendation in the Presentence Investigation Report of a twenty-one-month sentence.

## I.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant, JARED JAMES DOOLEY, is before the court for sentencing following his plea of guilty to the charge of Attempt to Interfere with Safe Operation of Aircraft, Aiding and Abetting, in violation of 18 U.S.C. section 32(a)(5) and (a)(8) and 18 U.S.C. section 2, as alleged in Count 2 of the Indictment. The plea was entered in open court on or about July 18, 2008. The Court ordered a presentence investigation (PSI) report to be prepared and disseminated to counsel in preparation for sentencing. Defendant pled guilty pursuant to a written plea agreement. Defendant respectfully submits to the Court's ultimate discretion under the *Koon* and *Booker* decisions cited *infra*.

## II.

## SENTENCING GUIDELINES

**THE DEFENDANT IS ENTITLED TO THE COURT'S CONSIDERATION FOR DOWNWARD DEPARTURE BASED ON MITIGATING FACTORS UNDER THE *KOON* AND *BOOKER* DECISIONS**

**A. DEFENDANT REQUESTS CONSIDERATION FOR A SPLIT SENTENCE OR TIME SERVED AND ENROLLMENT IN AN INPATIENT PROGRAM**

While Defendant is cognizant of the plea agreement, Defendant nonetheless submits the following mitigating factors for the Court's consideration in support of his request that the Court grant him credit for time served under Title 18 U.S.C. section 3585(a)(1) and for an order to enroll in an in patient treatment program under United States Sentencing Guidelines section 5B1.1. In the alternative, a prison sentence of one year and one day with credit for time served. Defendant submits that his background and the circumstances of the offense present several mitigation factors recognized by the Commission which favor downward departure from the sentencing guidelines.

**B. DOWNWARD DEPARTURE IS AUTHORIZED UNDER *BOOKER* AND *KOON***

Downward *Booker* variances from the advisory guideline range have been affirmed based on the defendant's lack of criminal history, employment and educational history. The Court of Appeals in *U.S. v Baker* 445 F.3d 987 (7th Cir. 2006) affirmed an 87-month sentence which was

below the advisory guideline range of 108-135 months where the defendant was 64 years old with a minimal criminal record and had attempted suicide and suffered from a heart condition. Similarly, in *U.S. v. Gray*, 453 F.3d 1323 (11th Cir. 2006) the Court of Appeals affirmed a seventy-two-month sentence which was below the advisory guideline range of 151-188.

**C.     *KOON* PERMITS THE COURT TO WEIGH ALL CIRCUMSTANCES**

It should be noted, 18 U.S.C. Section 3553(b) requires a Court to sentence a defendant within the applicable Guideline range unless "the court finds that there exists aggravating or mitigating circumstances of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *See also*, United States Sentencing Guidelines, (U.S.S.G.) Section 5K2.0. This list appears before the conclusion of this memorandum.

Following the United States Supreme Court decision in *Koon*, the grounds available for downward departure are almost unlimited. (*Koon v. United States*, 518 U.S. 81, 104-106, 116 S.Ct. 2035, 2049-2050 (1996); *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir. 1998)) The only grounds that the district court cannot use as a basis for a departure are those which Congress has expressly prohibited. (*Koon,* 518 U.S. at 105-106, 116 S.Ct. at 2050; *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir. 1998)) There are no statutory prohibitions in the instant case.

In appropriate cases, a court may depart on the basis of individual factors as well as based upon a combination of factors presented in any particular case individually or in combination lies "within the heartland given all of the facts of the case." (*Koon*, *supra,* at 2047) If the factors lie outside of the heartland of the guidelines applicable to the charge, the court may depart unless the factors are of an ilk which are specifically prohibited by the guidelines as a basis for a departure. (*Id*) A departure is not specifically prohibited by the Guidelines. The inquiry is exceptionally fact-laden and the district court's determination to depart will be given substantial deference by a reviewing court. (*Id*, at p. 2045; *United States v. Green*, 152 F.2d 1202, 1205 (9th Cir. 1998); *United States v. Sablan*, 114 F.3d 913, 916 (9th Cir. 1997)(*en banc*)(*citing*, *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 2047-48)(1996))

//

### III.

## MITIGATING FACTORS WHICH JUSTIFY DOWNWARD DEPARTURE FROM THE SENTENCING GUIDELINES

**5H1.6 Family Ties and Responsibilities, and Community Ties**

A departure based on family ties and responsibilities and community ties invite the Court's consideration of whether the sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential financial support to the defendant's family. As mentioned in the following circumstances offered in mitigation, the financial impact of Defendant's incarceration has burdened his son enormously. Also to be considered is whether the financial support contributed by the defendant is irreplaceable to the defendant's family. After the Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) made the guidelines advisory, the Ninth Circuit has held that family ties may warrant a non-guideline sentence seven if not supportive of a departure. (See *U.S. v. Menyweather*, 447 F.3d 625 (2006)) *Menyweather, supra*, held that the *Booker* decision permits the district court to consider family ties and responsibilities as part of the "history and characteristics" of the defendant under 18 U.S.C. section 3553(a)(1).

"Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside of the guidelines." (*U.S.S.G.* Section 5H1.6) As such, family and community ties are considered to be "discouraged factors" in determining whether a downward departure is warranted. This does not mean that the Commission or the case law prohibits departures on the basis of these factors. Indeed, family and community ties "may be relevant to this determination in exceptional cases." (*U.S.S.G.* Section 5H, Introductory Commentary) Relevant in this context is the decision handed down in *United States v. Mondello*, 927 F.2d 1462, 1470 (2nd Cir. 1991) which held in "extraordinary circumstances, a court may rely on one of the six factors listed in section 5H1.6 to depart from the guideline range.". Consistent with *Mondello* is the holding in *United States v. Alba*, 933 F.2d 117, 1122 (2nd Cir. 1991) which upheld downward departure based upon existence of family ties and obligations and noting that a sentencing court is precluded as a matter of law from considering [family ties and obligations] to depart." *United States v. Pena*, 930 F.2d 1486, 1495 (10th Cir. 1991) similarly held that

extraordinary circumstances may make family ties and responsibilities relevant to sentencing determination; *United States v. Big Crow*, 898 F.2d 1326, 1331-32 (8th Cir. 1990), cited *supra*, held that the guidelines permit the district court to consider family ties and responsibilities in determining whether to depart.

Other cases in which either a downward departure based upon family or community ties, and responsibilities were upheld or ruled to be appropriate include *United States v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998); *United States v. Shrewsberry*, 980 F.2d 1296, 1298 (9th Cir. 1992); *United States v. Anders*, 956907, 913 (9th Cir. 1992), cert.denied, 1123 S.Ct. 1592 (1993) and *United States v. Boshell*, 952 F.2d 1101, 1107 (9th Cir. 1991).

With the exception of *United States v. Lipman*, cited *supra*, most of the cases referenced in the above paragraph were decided before the Supreme Court's decision in *Koon*. The cases virtually, however, survived *Koon* and indeed were enhanced by it. This is so because *Koon* reaffirmed that the district court has the discretion to consider all of the factors not expressly prohibited. (*See Koon*, 518 U.S. at 98-99, 116 S.Ct.2046-47)

The discretion available to the sentencing court was defined in *United States v. Sanchez-Lopez*, 161 F.2d 556, 560 (9th Cir. 1998) where the Court of Appeals stated: "*Koon* made it clear that we cannot categorically forbid a district court from departing downward on any basis except for those specifically proscribed in the Guidelines." *(See also*, *U.S.S.G.* Section 5K2.0)

As a result of the impending prison sentence, Mr. Dooley will be unable to work and provide for his 10-year-old son. Mr. Dooley does, however, have employment waiting for him when he is released, so long as he is released in a reasonable time. Mr. Dooley and his son have a very close bond and see each other regularly, and a lengthy prison sentence would severely impact his son. His son would lose the bond he has made with his father.

Mr. Dooley also has ties to the community. He helps on a regular basis at his church, helping out with functions as well as helping out any member who needs some work done. He has built many fences for the patrons of his church without charge and cares very much for his church.

In summary, Jared Dooley is a dedicated father and son, and his efforts have positively affected those around him.

1  **5K2.0 Unmentioned Factors**

2  Section 5K2.0 allows departures in addition to those identified above if they have not been
3  adequately considered by the Commission. Such "unmentioned factors" can be a basis for departure
4  only if the court finds that the factor is sufficient to take the case out of the "heartland" of the
5  guidelines, after considering the "structure and theory of both relevant individual guidelines and the
6  guidelines taken as a whole." *(Koon v. U.S.*, 518 U.S. 81, 94-95, 116 S.Ct. 2035, 135 L.Ed.2d 392
7  (1996))

8  The consequences of Defendant's arrest for the instant offense were cataclysmic. He has not
9  seen his son since December 20, 2007.  He no longer has an income to pay for his son's schooling
10  supplies and was not able to see his son off to school this fall.

11  **5K2.20 Aberrant Behavior**

12  The court may depart downward if the defendant committed a single criminal occurrence or
13  single criminal transaction that was committed without significant planning, was of limited duration
14  and represents a marked deviation by the defendant from an otherwise law-abiding life. The court
15  may consider the defendant's mental and emotional conditions; his employment record, record of
16  prior good works, his motivation for committing the offense and his efforts to mitigate the effects of
17  the offense.

18  Although Mr. Dooley inadvertently pointed the laser at the helicopter, these acts required
19  little or no planning and consumed a minimal amount of time. The compulsiveness of Defendant's
20  behavior should also be considered. Clearly, Defendant, by inadvertently pointing the laser at the
21  helicopter, he was unaware of the consequences of his actions.  This was acknowledged by the
22  Probation Officer in the PSI in paragraph 82, pages 16-17.

23  **5K2.0 Combination of Factors or "Multiple Circumstances"**

24  The "combination of factors" departure was added in 1994, to the Commentary to 5K2.0
25  authorizing a departure downward based on a combination of factors: "The Commission does not
26  foreclose the possibility of an extraordinary case that, because of a combination of such
27  characteristics or circumstances differ significantly from the 'heartland' cases covered by the
28  guidelines in a way that is important to the statutory purposes of sentencing, even though none of

the characteristics or circumstances individually distinguishes the case. Before this amendment was adopted, several circuits had authorized downward departures based on a combination of factors, none of which standing alone would have justified a departure. *U.S. v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990), approving downward departure based on combination of factors; *U.S. v Hines*, 26 F.3d 1469 (9th Cir. 1994), which upheld departure for "convergence of factors"; and *U.S. v Cook*, 938 F.2d 149, 153 (9th Cir. 1991) holding "a combination of factors [may] together constitute a 'mitigating circumstance'."

A downward departure may be based upon individual factors or a set or combination of factors. *United States v. Lam*, 20 F.3d 999, 1005 (9th Cir. 1994), family ties are a "particularly proper basis for departure where aberrant conduct is also an issue"; *United States v. Fairless*, 975 F.2d 664, 668 (9th Cir. 1991), a single act of aberrant behavior may result from **a convergence of** factors. (Emphasis added; and *United States v. Cook*, 938 D.3d 149, 153 (9th Cir. 1991).  The court in *Cook* stated in dictum:

> "[t]he statute speaks in the singular of "mitigating circumstances," (citation omitted) [t]here is no reason to be so literal-minded as to hold that a combination of factors cannot constitute a "mitigating circumstance" . . . Given the commission's acknowledgment of the "vast range of human conduct" not encompassed by the Guidelines, a unique combination of factors may constitute the "circumstances that mitigates."
> *(Cook* at 153)

*Cook's* reasoning was embraced in *United States v. Pena*, 930 F.2d 1486, 1495-1496 (10th Cir. 1991) where the Tenth Circuit recognized that a combination of family responsibilities, aberrant behavior and employment history supported a downward departure in a marijuana distribution case. Indeed, in *Koon*, the Supreme Court discussed the combination of several factors to uphold the downward departure granted by the district court.  The Court approved a departure downward on the fact that the defendant's in *Koon* had been successively prosecuted in both the state and federal systems and would be more susceptible to prison abuse than other inmates.  Significantly, in discussion the propriety of combining the successive prosecution factor with other encouraged ground for a downward departure, the Court noted the incongruity of the notion given the absence of a bar in the Double Jeopardy Clause to such successive prosecutions.

In this case, the combination of factors listed above support a departure downward from the

guideline range of 24-30 months. As the Court in *Cook* stated:

> "In making a decision in any particular case, good judgment will often require the evaluation of a complex of factors. No single factor may be enough to point to the wise course of decision. But a wise person will not look on each particular factor abstractly and alone. Rather, it will be how the particular pieces fit together . . . converge, and influence each other that will lead to the correct decision."
> (*Cook* at p. 153)

**5H1.5 <u>Employment Record</u>**

While employment history is not ordinarily relevant in departing from the guidelines, the Fifth Circuit held that the district court could properly consider a police chief's "unblemished record" as a police officer in departing downward in a civil rights case. (*U.S. v. Harris*, 292 F.3d 863 (5th Cir. 2002))  Similarly, one court found that a Native American defendant's "excellent employment record" and his "consistent efforts to overcome the adverse environment of the Pine Ridge Reservation" were a proper basis for departure because they were of a magnitude "not adequately taken into consideration by the guidelines" (*U.S. v. Big Crow*, 898 F.2d 1326 (8th Cir. 1990), cited *supra*.) The Tenth Circuit upheld a departure where defendant had been employed for fourteen years, earning a very high income for the economically depressed community. (*U.S. v. Jones*, 158 F.3d 492 (10th Cir. 1998)) In *Jones* the court considered in part, the impact that incarceration would have on defendant's prospects for future employment in light of the economically depressed community in which he lived.

The Second Circuit upheld a downward departure based on the defendant's employment history, and the "remarkable" way in which the bribery offense was committed. (*U.S. v. Jagmohan*, 909 F.2d 61 (2d Cir. 1990)) In Jagmohan, the defendant had been gainfully employed for nine years since he entered the country and he used a personal check in the bribery transaction which reflected an utter lack of sophistication. The Eastern District Court of New York noted that an exceptionally promising future of the older two children would be threatened by the prolonged incarceration of their mother, The defendant's status as a single parent of three teenaged children was extraordinary, justifying a downward departure, the court noting that she had been employed "continuously" for thirteen (13) years. (*U.S. v. Handy*, 752 F. Supp. 561 (E.D. N.Y. 1990))

Mr. Dooley has worked as a fence builder for many years, and currently has employment

waiting for him to return, where he will be able to quickly get back on his feet and return to his duties as a fence builder. Mr. Dooley has been continuously employed and is a hard worker, where his son depends on his employment. This employment opportunity may no longer be there should he serve a lengthy prison sentence.

**5H1.2 <u>Educational and Vocational Skills</u>**

Education and vocational skills may be relevant in determining the conditions of probation for rehabilitative purposes and to determine the appropriate type of community service. Mr. Dooley completed high school with a B average. Mr. Dooley, however, hopes to return to school to become an electrician as soon as he is released.

V

<b>THE FACTORS ENUMERATED IN 18 U.S.C. 3553(a)<br>WARRANT DOWNWARD DEPARTURE AND THE GRANT OF PROBATION</b>

Under 18 U.S.C. 3553(a), it is advised that the Court shall consider the following when determining whether a particular sentence should be imposed. The seven factors are listed below and comments regarding the application of the factor to the instant case are offered.

- **the nature and circumstances of the offense and history and characteristics of the defendant;**
- **the need for the sentence imposed to: 1) reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense, 2) to afford adequate deterrence to criminal conduct, 3) to protect the public from further crimes of the defendant, and 4) to protect the public from further crimes of the defendant, and 4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;** Mr. Dooley has spent over nine months in custody and has been separated from a "tightly knit" family. Mr. Dooley has not seen his son in many months. He hopes to attend classes to become an electrician.
- **the kinds of sentences available;** Home detention is a viable alternative as well as community service given Defendant's background.

- **the kinds of sentence and sentencing range set forth in the guidelines;** Given Defendant's offense level of 15 and the fact that probation is not statutorily prohibited, departure would accomplish all other sentencing objectives outlined in the Guidelines.
- **the policy statements set forth in the guidelines;** there are no comments or policy statements that directly conflict with a grant of credit for time served or departure.
- **the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and** Defendant's conduct was not as egregious in other cases which involve the intended goal of causing harm or bodily injury. Mr. Dooley was merely negligent in his actions.
- **the need to provide restitution to any victims of the offense.** Not applicable in the case at bar.

**Justification of Downward Departure:** As has been outlined above, a sentence of time served and enrollment in an inpatient program would meet all the goals and requirements of the court and the legislature in the present case, as would be the alternative sentence of one year and one day. Though the PSI recommends a sentence of twenty-one months, the impact of a sentence of that length would have such an impact on the family of Mr. Dooley and his ability to provide financially for his child would be oppressive under the circumstances.

## VI

## CONCLUSION

Defendant JARED JAMES DOOLEY respectfully urges this Honorable Court to consider his background, family ties and relative culpability in selecting punishment. He has spent a considerable about of confinement time and is still continuing to serve that confinement time. He has shown respect for the Court's orders in complying with pretrial conditions and his frank and candid admission of guilt. It would appear that the mitigating factors would place Mr. Dooley's sentence to ten months credit for time served and enrollment in an inpatient program is within the "heartland" as defined in the *Koon.* In the alternative, a sentence of one year and one day with

1 credit for the ten months already served would be appropriate.

2     Respectfully submitted this 23rd day of September 2008.

                                            /s/David A. Torres
                                            DAVID A. TORRES
                                            Counsel for Defendant
                                            JARED JAMES DOOLEY