**LAW OFFICE OF DAVID A. TORRES**
Attorney at Law (State Bar Nº. 135059)
1318 "K" Street
Bakersfield, CA 93301
Tel.: (661) 326-0857
Fax: (661) 326-0936
E-mail: lawtorres@aol.com

Attorney for Defendant
JARED JAMES DOOLEY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　PLAINTIFF,<br><br>vs.<br><br>JARED JAMES DOOLEY,<br><br>　　　　　　　　DEFENDANT. | Case Nº. 1:08 CR 0008 LJO<br><br>**DEFENDANT'S REPLY TO MEMORANDUM IN RE: DEFENDANT'S SENTENCING MEMORANDUM; CHALLENGES AND OBJECTIONS TO PSI** |

TO: THE CLERK OF THE EASTERN DISTRICT COURT, THE HONORABLE LAWRENCE J. O'NEIL, DISTRICT JUDGE, KAREN A. ESCOBAR, ASSISTANT UNITED STATES ATTORNEY, AND LAURIE E. MCANULTY, UNITED STATES PROBATION OFFICER:

　　　　JARED JAMES DOOLEY, by and through his counsel, DAVID A. TORRES, hereby submits this Reply to the Memorandum in Response to Defendant's Sentencing Statement. Defendant reserves the right to supplement this memorandum with additional evidence or argument at the sentencing hearing before this Court. The following facts are presented in support of a downward departure resulting in the imposition of a split sentence under United States Sentencing Guideline section 5B1.1, namely, an order of time served for the ten months he has already spent in custody at the time of this hearing since his arrest on December 14, 2007. If the court is not inclined to the above sentence then, for a sentence of one year and one day with credit for time served. It is the Defense's belief that the split sentence is the most appropriate sentence, with the one year and one day sentence being the next most appropriate sentence, both

being viable alternatives to the recommendation in the Presentence Investigation Report of a twenty-one-month sentence.

Defense counsel has reviewed the memorandum provided by Senior United States Probation Officer Laurie E. McAnulty.  After review of the memorandum and discussions with JARED DOOLEY, the Defendant, the Defense agrees that a drug treatment program would not be necessary.

The Defense wants to be clear that this filing and the previous filings were in no way intended to make light of the severity of the incident.  Mr. Dooley is fully aware of the danger caused by his actions and is remorseful for all that he has done.  In the current fragile times it is important to understand and properly deal with incidents such as the present one appropriately.

The court in *Koon v. U.S.*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)), discusses the basis for the previous request for a Downward Departure:

> "Although the Sentencing Reform Act of 1984 requires that a district court impose a sentence within the applicable Guideline range in an ordinary case, 18 U.S.C. § 3553(a), it does not eliminate all of the district court's traditional sentencing discretion. Rather, it allows a departure from the range if the court finds "there exists an aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the Guidelines, §3553(b)."

It is Defense's contention that this is just such a case where the mitigating circumstances are of the kind and of a degree that are not taken into consideration by the Sentencing Guidelines. The Memorandum states that a "shotgun" approach was used by the Defense in the justification for a downward departure.  It is the Defense's understanding that the factors outlined in the United States Sentencing Guidelines were meant to be taken as a whole, some with more weight depending on the circumstances of the specific case.  As stated in the Memorandum, the Presentence Report did take into consideration some of the factors, but the Defense wants the court to be aware of all the factors and circumstances that are applicable in the case.

It is only with a full understanding of the case and circumstances that an informed decision can be made as to the sentencing.  The United States Sentencing Guidelines and the courts are fully aware that there are circumstances that cannot fit into a set of rules, that each case must be determined on its own merits and information.

It is with this in mind the Defense requests that, under the present circumstances, the court

grant a sentence of time served, or in the alternative, a sentence of one year and one day with credit for the time Mr. Dooley has been in custody.  Mr. Dooley has been in custody for more than ten months and is fully aware of the danger caused by his actions.  There is little chance that something like this will happen in Mr. Dooley's future.  On the basis of the previous filings and this reply, the Defense submits its recommendation to the court.

     Respectfully submitted this 3rd day of October 2008.

/s/David A. Torres
DAVID A. TORRES
Counsel for Defendant
JARED JAMES DOOLEY